T-2 6/13/17
12:00 p.m.

**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133



DC PASS

Plaintiff

vs.

Case Number 2017 CA-003176 B

DISTRICT OF COLUMBIA

Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Malik Z. Shabazz, Esq.
Name of Plaintiff's Attorney

6411 Ivy Lane #402
Address
Greenbelt MD 20770

(301) 513-5445
Telephone
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ



By _____
Clerk of the Court

_____ Deputy Clerk

Date _____

**IMPORTANT:** IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                                                    CASUM.doc

Filed
D.C. Superior Court
05/06/2017 00:00AM
Clerk of the Court

# IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TREVOR DEPASS,
1415 Florida Avenue NW
Washington, D.C. 20009

    PLAINTIFF,

v.

THE DISTRICT OF COLUMBIA,
a municipal corporation
441 4th St NW
Washington, D.C. 20001

serve:

Mayor Muriel Bowser
1350 Pennsylvania Ave NW
Washington, D.C. 20001

c/o Karl A. Racine
D.C. Attorney General
441 Fourth Street, N.W.
Washington, D.C. 20001

JOHN NELSON (#9865)
3rd District Police Officer
1620 V St NW
Washington, D.C. 20009

JOHN DOE #1 AND #2
3rd District Police Officers
1620 V St NW
Washington, D.C. 20009

    DEFENDANTS

CASE#

# COMPLAINT

(False Arrest; Assault & Battery; Intentional Infliction of Emotional Distress; 42 U.S.C. § 1983– Failure to Train, Supervise and Discipline; 42 U.S.C. § 1983– Unwarranted Seizure & Excessive Force)

## INTRODUCTION

1. This is a civil action seeking damages against the defendants for intentional misconduct when they falsely arrested the plaintiff, and assaulted and battered him.

2. This action seeks both compensatory and punitive damages against the defendants for the intentional acts of wrongdoing under common law and for violations of the plaintiff's constitutional rights under section 42 U.S.C. § 1983.

## JURISDICTION

3. This Court has original subject matter jurisdiction over this case by virtue of D.C. Code 11-921.

4. The District of Columbia was given notice of this claim pursuant to D.C. Code § 12-309 on December 15, 2016.

## PARTIES

5. Plaintiff Trevor Depass is an African American resident of the District of Columbia. At all times relevant herein, he has been a citizen of the United States.

6. Defendant District of Columbia is a municipal corporation with authority to sue and be sued in its corporate name. At all times relevant herein, this defendant was responsible for the policies and procedures utilized by and for the supervision of all Metropolitan Police Officers.

7. Defendant John Nelson is a Metropolitan Police Officer, and was so at all relevant

times herein. He is sued in this case in both his official and individual capacities

8. At all times relevant to this complaint, two unnamed and yet to be identified D.C. Metropolitan Police Officers (John Doe#1 and John #2) were duly licensed police officers and employees of Defendant District of Columbia and acting within the scope of their authority and under color of law. They are sued in their official and individual capacities.

## STATEMENT OF FACTS

9. Mr. Trevor Depass is a 43 year old resident of the District of Columbia. Mr, Depass is an upstanding business man who also a consultant who serves persons with disabilities in the District of Columbia

10. In the early morning hours of July 1, 2016, at around 1:30 am, Trevor Depass entered Bens Chili bowl, located in the 1200 block of U street NW. He waited in line, paid for his food and sat down.

11. While seated inside of the restaurant, an argument broke out occurred amongst a completely unrelated party of people standing in line. The argument escalated to a physical level and Mr. Depass was assaulted by a young lady who was involved in the altercation during this time. Mr. Depass was not a part of the group that was arguing and fighting.

12. After being assaulted by the young lady, Mr. Depass exited Bens Chili bowl to seek help from police, who were apparently called to the scene and were waiting outside the restaurant when he exited.

13. Mr. Depass explained to them what had occurred inside, but the officers refused to enter the restaurant to investigate the incident, ask questions or pursue the young lady who had assaulted him. Mr. Depass explained and pleaded to the officers that they were not doing their

job. Plaintiff Depass was then physically taken down by officer John Nelson with the assistance of officers John Doe #1 and John Doe #2, plaintiff was handcuffed and placed in the back of a police car.

14. During the take down, Mr. Depass suffered back injuries, as well as scratches bumps and bruises on his face and arms. Due to the pressure on his face, which was pressed down on the concrete, Mr. Depass suffered injuries to his teeth.

15. Mr. Depass was transported by ambulance to Howard University Hospital treated and evaluated.

16. After his evaluation at Howard University Hospital Mr. Depass was taken to jail where he was finger printed and processed. Trevor Depass was held in jail until 5:30 pm when he was released and his case was no-papered.

17. Mr. Depass sustained over $8,000 in medical bills, dental bills and continues to suffer from numbness, burning and tingling in both hands due to his handling by the MPD.

18. Officers Nelson, John Doe#1 and John Doe #2 were acting in accordance with their training or lack thereof under the supervision, policies and procedures of the District of Columbia

## COUNT I
## FALSE ARREST
(John Nelson, John Doe #1 and John Doe #2)

19. Plaintiff Trevor Depass incorporates by reference paragraphs 1 through 18, as if fully set forth herein.

20. The defendant officers John Nelson, John Doe #1 and John Doe# 2 wrongfully arrested the plaintiff without any probable cause whatsoever. The officers refused to reasonably

investigate the incident and had no reason to believe plaintiff Trevor Depass was intending to commit a crime.

21. As a direct proximate result of the false arrest of the plaintiff by the defendants, the plaintiff suffered physical injuries, discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being illegally detained, manhandled and otherwise grossly mistreated.

22. At the time that the above referenced false arrest was committed upon Mr. Depass, the defendant officers John Nelson, John Doe #1 and John Doe #2 were acting within the scope of their employment for and at the direction of defendant District of Columbia.

WHEREFORE, the plaintiffs demands judgment against the defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory and punitive damages plus interest and costs.

## COUNT II -
## Assault & Battery
(John Nelson, John Doe #1 and John Doe #2)

23. Plaintiff, Trevor Depass incorporates, by reference, paragraphs 1 through 18 as if fully set forth herein.

24. The defendant officers, John Doe #1 and John Doe #2 without proper grounds, willfully and maliciously assaulted Trevor Depass by egregiously handcuffing him and slamming him to the ground and grossly mishandling his person causing him bodily injury and pain. Each of the injuries suffered by the Mr. Depass were inflicted without provocation from the plaintiff and while he was presenting no immediate threat to anyone.

25. As a direct and proximate result of defendant's willful, malicious and intentional

actions, the plaintiff suffered bodily injuries and other damages.

26. At the time that the above-referenced assault and battery was committed upon Plaintiff Trevor Depass the defendant officers were acting within the scope of their employment for and at the direction of defendant District of Columbia.

WHEREFORE, the plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory damages and punitive damages plus interest and costs.

## COUNT III-
### Intentional Infliction of Emotional Distress
(John Nelson, John Doe #1 and John Doe #2)

27. Plaintiff Trevor Depass incorporates, by reference, paragraphs 1 through 18 as if fully set forth herein.

28. Mr. Depass further alleges that the defendants Officers John Nelson, John Doe #1 and John Doe #2, with deliberate indifference and reckless disregard for his rights and with pure malice, did wrongly detain, assault, harass and taunt him for no just reason.

29. As a direct and proximate result of the actions of the defendants, plaintiff Depass suffered physical injuries, discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, psychological harm and mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being publicly harassed, assaulted and unlawfully in public.

30. At the time that the above-referenced intentional acts were committed upon plaintiff Trevor Depass, the defendant officers were acting within the scope of their employment for and at the direction of defendant District of Columbia.

WHEREFORE, the plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory damages and punitive damages against defendants plus interest and costs.

### COUNT IV
### Negligence
(Defendant, District of Columbia)

31. Plaintiff incorporates by reference paragraphs 1 through 18 as if fully set forth herein.

32. At all times relevant herein, the defendant officers had a duty to employ only reasonable measures in their interaction with and treatment of the decedent.

33. Notwithstanding said duties, the defendant officers and defendant District of Columbia, through its employees and/or agents, negligently took police action while and subsequently falsely arrested, assaulted used unlawful, excessive and unreasonable force, inasmuch as no force whatsoever was warranted under the circumstances.

34. Defendant District of Columbia, acting under color of law, approved and/or condoned the negligent actions of its officers; thus, any and all liability for the actions of the defendant officers is imputed to defendant District of Columbia.

35. As a direct and proximate result of the negligence of the defendant officers and defendant District of Columbia, Mr. Depass was assaulted, falsely arrested, injured and otherwise deprived of his constitutional rights.

### COUNT V
### (42 U.S.C. § 1983 Failure To Train, Supervise, And Discipline)
(Defendant District of Columbia)

36. Plaintiff Depass incorporates, by reference, paragraphs 1 through 18 as if fully set forth herein.

37. At all times relevant herein, the rogue officers responsible for the arrest and assault of Mr. Depass were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures, of defendant District of Columbia.

38. On the Date of July 1, 2016, defendant's Nelson and John Doe #1 and #2 police officers responsible for the arrest of plaintiff Depass were acting under the direction and control, and pursuant to the practices and customs of Defendant District of Columbia.

39. Defendant District of Columbia acted negligently, carelessly, recklessly and with deliberate indifference to the safety of Mr. Depass by failing to properly train, supervise, control, direct, monitor and discipline the officers from their respective departments who were patrolling the streets of Washington D.C.. Officers under the District's control use physical force and arrest persons first- then investigate ask the necessary questions later.

40. As a direct and proximate result of the acts and omissions of defendant District of Columbia, Mr. Depass was unlawfully arrested, seized and otherwise deprived of his civil rights.

WHEREFORE, Plaintiff Depass demands judgment against defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,00.00), plus punitive damages to the extent allowed by law, attorney's fees, interest, and costs.

## COUNT VI
### Violation of 42 U.S.C. § 1983 Excessive Force and Seizure
(John Nelson, John Doe #1 and John Doe #2 )

41. Plaintiff Depass incorporate paragraphs 1-15 as if fully set forth herein.

42. Defendant officers John Nelson, John Doe #1 and John Doe #2 acted herein with deliberate indifference to and reckless disregard for the safety and well-being of plaintiff and in violation of plaintiff's 4th amendment rights.

43. Defendants wrongfully, unlawfully, maliciously used excessive and unreasonable


force against plaintiff, clearly, no force whatsoever was justified or warranted under the circumstances.

44. As a direct and proximate result of defendants' intentional and wrongful action plaintiff suffered significant physical and emotional harm, extreme embarrassment, humiliation and mental anguish.

45. At the time that the above-referenced violation of 42 U.S.C. Section 1983 was committed upon plaintiff Depass, the defendant officers were acting within the scope of their employment for and at the direction of defendant District of Columbia.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest and costs.

**JURY DEMAND**

The plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/Malik Z. Shabazz Esq./s/
Malik Z. Shabazz, Esq.

(DC Bar# 458434)
6411 Ivy Lane Suite #402
Greenbelt, MD, 20770
(301) 513-5445
attorney.shabazz@yahoo.com